UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, IN THEIR CAPACITES AS TRUSTEES OF LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHERYL MAUREEN COLE, et al.,<br><br>    Defendants. | Case No. 14-cv-02672-JD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 40, 42, 43, 50 |

For the benefit of the parties, this written order encapsulates the rulings the Court made from the bench at the motion hearing on March 30, 2016.

**1.    Ms. Cole's ability to represent Labat's Tree Care pro se**: Contrary to the Court's prior statements on this issue, the Court finds that Ms. Cole may personally represent Labat's Tree Care in a pro se capacity.  The Court is now aware that defendant Labat's Tree Care is not a "corporation, unincorporated association, partnership or other such entity," and as such, it is not subject to Civil Local Rule 3-9(b)'s requirement that those kinds of entities "may appear only through a member of the bar of this Court."  It appears that Labat's Tree Care is instead just a "dba" for defendant Ms. Cole.  Merely doing business under a fictitious business name does "not create an entity distinct from the person operating the business." *Pinkerton's Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996).  Ms. Cole may therefore appear pro se in this case on behalf of both herself and Labat's Tree Care.

**2.    Defendants must file an answer or other response to the complaint by 4/20/16**: Regardless of who they are appearing through, defendants Ms. Cole and Labat's Tree Care must file an answer or other proper response to the complaint by April 20, 2016.  Ms. Cole has

previously been ordered to answer the complaint but has failed to do so. Dkt. No. 38. Justice dictates that pro se parties be permitted greater leeway than those who are represented by bar-admitted attorneys, but at the same time, to grant unlimited leeway would also obstruct the orderly administration of justice. The Court consequently gives defendants one final opportunity to file an answer or other response to the complaint. The deadline is **April 20, 2016**. If no answer or proper response to the complaint is filed by that date, the Court will almost certainly enter defendants' default and proceed by way of a default judgment against defendants. The Court provided defendants with some resources that may be of help in preparing an answer or other motion in response to the complaint. The Court strongly urges defendants to consult with those sources and to prepare and timely file an answer or other proper response to the complaint.

**3.     Defendants' motion for preliminary injunction (Dkt. No. 43)**: Defendants' motion for preliminary injunction lacks a proper legal basis and is denied. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

**4.     Plaintiffs' request for entry of default (Dkt. No. 40) & motion for entry of default judgment (Dkt. No. 50)**: Defendants have consistently shown a strong intent to defend against this action, and as such, the Court finds it inappropriate to enter their default at this time, in spite of their failure to timely file an answer to the complaint as previously ordered. *See* Fed. R. Civ. P. 55(a) (default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* . . . .") (emphasis added). As noted above, however, the denial of plaintiffs' request for entry of defendants' default is without prejudice, and the Court will almost certainly enter defendants' default if they again miss the April 20, 2016 deadline for answering or responding to the complaint. Because no defendant's default has currently been entered, plaintiffs' motion for entry of default judgment is procedurally improper and is denied on that basis.

**5.     Defendants' motion for permission for electronic case filing (Dkt. No. 42)**: The Court grants Ms. Cole's request to become an ECF filer. Ms. Cole is advised, however, that the Court may revoke that privilege for any failures to follow the rules governing the use of ECF or the rules that are in place to provide for the orderly litigation of a federal civil action.

**IT IS SO ORDERED.**

Dated: March 31, 2016

JAMES DONATO
United States District Judge

3